IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

METROPOLITAN LIFE INSURANCE      )
COMPANY,                         )
                                 )
        Plaintiff,               )        Civil Case No. 7:21-cv-00521
                                 )
v.                               )        By: Elizabeth K. Dillon
                                 )            United States District Judge
AMBER BURGESS and TOBY WAYNE     )
SHIVELY,                         )
                                 )
        Defendants.              )

**MEMORANDUM OPINION**

This is an interpleader action filed by Metropolitan Life Insurance Company (MetLife).

Before the court is a motion for default judgment filed by one of the defendants, Toby Wayne

Shively.  (Dkt. No. 15.)  The court also construes the motion as one seeking an agreed

disbursement of funds.  For the reasons stated below, the court will grant this motion and issue

an appropriate order.

Robert James Shively, now deceased, was a retiree of General Electric Company (GE)

and a participant in an employee welfare benefit plan funded by a group policy of life insurance

issued to GE by MetLife.  (*See* Compl. ¶ 7, Dkt. No. 1.)  At the time of his death, the decedent

was enrolled in the plan for basic life insurance.  (*Id.* ¶ 16.)  Defendant Amber Burgess, who is

not a relative of the decedent, was listed as a beneficiary on at least one beneficiary designation

form for the policy.  Defendant Toby Wayne Shively is the decedent's surviving brother.

Defendants are competing claimants to the decedent's life insurance policy proceeds in the

amount of $17,860.00 (the Plan Benefits).[1]

---

[1] The court has subject matter jurisdiction over this matter because it arises under the Employee Retirement
Income Security Act (ERISA).  "[A]n interpleader [action] 'arises under' federal law when brought by an ERISA

MetLife filed this action on October 5, 2021.  Shively was served and filed an answer on November 12, 2021.  (Dkt. No. 6.)  Burgess was served on October 7, 2021, (Dkt. No. 5) and again on March 30, 2022 (Dkt. No. 9).[2]  Burgess did not file an answer or any sort of appearance, so Shively moved for entry of default against Burgess, and Burgess' default was entered on July 13, 2022.  (Dkt. No. 13.)[3]  Shively now moves for default judgment, and Shively requests that, out of the $17,860.00 policy amount, MetLife be paid $4,200.00 in attorneys' fees and costs.  (Dkt. No. 15.)  MetLife does not oppose Shively's motion.

Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  The default judgment may be entered by the clerk of the court if the claim is for a sum that is certain, or by the court if the party applies to the court for a default judgment.  Fed. R. Civ. P. 55(b).  "While more frequently it is the plaintiff who moves for entry of default judgment, the right of a defendant in an interpleader action to do so is recognized."  *Sun Life Assur. Co. of Canada v.*

---

fiduciary against competing claimants to plan benefits."  *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 276 (3d Cir. 2007).  MetLife is a "claim fiduciary" that "must administer claims in accordance with ERISA and the documents and instruments governing the Plan."  (Compl. ¶ 8.)  *See, e.g.*, *Guardian Life Ins. Co. of Am. v. Spencer*, Civil Action No. 5:10CV00004, 2010 WL 3522131, at *2 (W.D. Va. Sept. 8, 2010) (finding that insurance company was an ERISA fiduciary and the court had subject matter jurisdiction over interpleader action pursuant to 28 U.S.C. § 1331 because it arose under federal law).

The court further notes that it likely has jurisdiction under 28 U.S.C. § 1335 because defendants are from different states and the amount of disputed funds in MetLife's possession exceeds $500.  However, the court questions whether MetLife's allegations of residence, as opposed to citizenship, are sufficient to allege this type of jurisdiction.

[2] Burgess was served the first time while incarcerated at the Virginia Correctional Center for Women and served the second time at her residential address after she was released from prison.  (Dkt. No. 11.)

[3] MetLife took no position on the entry of default against Burgess.  (Dkt. No. 12.)  MetLife informed the court that Burgess contacted MetLife's counsel to "inquire into the nature of this action and the reasons for her inclusion as a party defendant."  (*Id.*)  MetLife's counsel informed Ms. Burgess that "this is an action in interpleader to determine the proper distribution of certain ERISA plan benefits of James Robert Shively," and that she "may lose any claim to the plea benefits if she failed to respond or appear in this case within the time provided in the summons."  (*Id.*)

2

*Conroy*, 431 F. Supp. 3d 220, 226 (D.R.I. 2006).  "In the context of an interpleader action, a defendant against whom a default judgment has been entered forfeits any claim of entitlement that might have been asserted by the defendant."  *Guardian Life Ins. Co. of Am. v. Spencer*, No. 5:10CV00004, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010) (citing *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984)).

As noted above, the clerk has already entered default against Burgess.  By not responding to this interpleader action, Burgess "forfeits any claim of entitlement" to the contested fund.  *See Skyline Nat'l Bank v. Galax Elks Lodge #2212, Inc.*, Civil Action No. 7:20-cv-00470, 2021 WL 279611, at *3 (W.D. Va. Jan. 27, 2021).  Because Shively is the only remaining claimant, Burgess' default "expedite[s]" the interpleader action "by obviating the need to settle adverse claimants' rights to the fund."  *Id.* (citing *N,Y, Life Ins. Co. v. Conn. Dev't Auth.*, 700 F.2d 91, 95 (2d Cir. 1983)).  Further, it is now unnecessary for MetLife to interplead the disputed funds into the court's registry.  MetLife can simply disburse the funds as ordered by the court.  Under these circumstances, the court finds that Shively is entitled to default judgment.  The court also finds that it is "fair and equitable" to award $4,200.00 in attorneys' fees to MetLife, the amount requested by Shively.  *Id.*

For the foregoing reasons, the court will issue an appropriate order granting Shively's motion for default judgment, ordering MetLife to distribute the Plan Benefits, and dismissing this action with prejudice.

Entered: December 6, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge